UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA GUZMAN, on her own behalf and
others similarly situated,

    Plaintiff,

v.                                                                           CASE NO.:

DIGITAL RISK, LLC, a Delaware limited
liability company, DIGITAL RISK MORTGAGE
SERVICES, LLC, a Delaware limited liability
company,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MARIA GUZMAN ("Plaintiff"), brings this action on behalf of herself and other current and former similarly situated employees against Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC (collectively "Defendants"), to recover overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216 (b) ("FLSA"), and states:

## PARTIES

*Plaintiff*

1.    Plaintiff was an employee of Defendants from approximately August 2012 to November 2012. Plaintiff performed her duties as a non-exempt, hourly paid Underwriter in Boca Raton, Palm Beach County, Florida, which is within the jurisdiction of this Court.

2.    According to Defendants' website (www.digitalrisk.com):

> The Underwriter's primary responsibilities include reviewing mortgage files submitted to underwriting. This position requires calculating income, analyzing debt and assets, and completing an in depth review of the completed appraisal and title. Additional responsibilities include entering data into the client's loan

operating system, utilizing an automated underwriting system to determine approval and clearing conditions for final approval.

3. Defendants' website also outlines the essential functions of the Underwriter position, which include:

- Review income documentation and calculate to ensure ratios are acceptable per guideline requirements;

- Perform in-depth analysis of credit report to ensure all liabilities are accounted;

- Perform in-depth analysis of assets to ensure all necessary documentation is received and recorded per guideline requirements;

- Complete in-depth review of Appraisal; conditioning for any needed items per guideline requirements;

- Perform in-depth research to document critical credit documentation is accurate (income, employment, occupancy, credit, assets, valuation, contract, HUD-1, interested party involvement);

- Complete Excel Generated 1008 with Income/Asset/Debt information;

- Final Approve, Suspend or Approve Loan with Conditions based on file review and updated AUS findings using auto generated and free form conditions as needed;

- Complete 3 initial underwrites per day, making any applicable changes, notes, and inputs in client's Loan Operating System (LOS); and

- Handle incoming calls and contact with correspondents and other contacts in a polite and professional demeanor.

**Defendants**

4. Defendant, DIGITAL RISK, LLC, is a Delaware limited liability company with a principal place of business in Maitland, Orange County, Florida.

5. Defendant, DIGITAL RISK MORTGAGE SERVICES, LLC, is a Delaware limited liability company with a principal place of business in Maitland, Orange County, Florida.

6. Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, do business from multiple locations in the State of Florida, including Boca

Raton, Maitland, Lake Mary and Jacksonville. This action includes all locations owned, managed, and/or operated by Defendants in Florida.

7. Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, are joint employers of Plaintiff and the other similarly situated employees because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the other similarly situated employees.

8. Specifically, Defendants do business from the same principal address, and maintain the same mailing address: 2301 Maitland Center Parkway, Suite 165, Maitland, Florida 32751. Additionally, Defendants share the same officers and directors, Peter Santos, Edward Kassabov and Jeffrey Taylor, all of whom have their addresses listed with Florida's Department of State as 301 Maitland Center Parkway, Suite 165, Maitland, Florida 32751.

9. Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

*Coverage*

10. At all times pertinent to this Complaint, Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

11. At all times material to this Complaint, Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, had two (2) or more employees who regularly

sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

12. Based upon information and belief, the annual gross sales volume of DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC each was in excess of $500,000.00 per annum at all times material hereto.

13. At all times pertinent to this Complaint, Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, were enterprises engaged in commerce or in the production of goods for commerce as defined §§ 3(r) and 3(s) of the Act.

***Jurisdiction and Venue***

14. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

15. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendants, and in regard to Plaintiff and any other plaintiffs joining this lawsuit in that the acts from which this lawsuit arise occurred in the Middle District of Florida, and, in particular, in Maitland, Florida.

***Facts***

16. Plaintiff and other similarly situated Underwriters regularly worked overtime hours. Defendants, however, failed to compensate Plaintiff and similarly situated employees for all of the overtime hours they worked because Defendants "shorted" the hours of Plaintiff and the similarly situated Underwriters by: (a) requiring Plaintiff and similarly situated Underwriters to perform work off-the-clock before their scheduled shifts for which they were not compensated; (b) requiring Plaintiff and similarly situated Underwriters to perform work off-the-clock after completion of their shifts; and (c) requiring Plaintiff and similarly situated Underwriters to work through their meal breaks without compensation. Additionally,

Defendants required Plaintiff and similarly situated employees to study for mortgage underwriting exams as a condition of their continued employment. Plaintiff and similarly situated employees had to do these studies outside of their regular scheduled work hours. Defendants did not compensate Plaintiff and similarly situated employees for these study hours.

17. The off-the-clock work (described above) performed by Plaintiff and the other similarly situated Underwriters was for the benefit of Defendants.

18. Defendants had actual and/or constructive knowledge that Plaintiff and the other similarly situated Underwriters were performing off-the-clock work in that Defendants required them to work off-the-clock before and after their shifts, during their meal breaks and to study for mortgage underwriting examinations.

19. The additional persons who may become Plaintiffs in this action are as follows:

> All Underwriters, however variously titled (including, but not limited to, Forensic Underwriters, Junior Underwriters, and Litigation Underwriters), employed by DIGITAL RISK, LLC and/or DIGITAL RISK MORTGAGE SERVICES, LLC, at any location in the State of Florida who were not paid for all of their overtime hours worked on or after October 2011 because Defendants required them to work off-the-clock both before and after their scheduled shifts, during their uncompensated meal breaks, and to study for mortgage underwriting examinations.

(the "Asserted Class").

20. At all times pertinent to this Complaint, as more fully described herein, Defendants failed to comply with 29 U.S.C. § 201-209, in it failed to compensate Plaintiff and Asserted Class for all of their hours worked in excess of forty (40) within a work week by virtue of Defendants' policies and/or practices regarding off-the-clock work.

21. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and the Asserted Class are in the possession and custody of Defendants. However, based upon Defendants' policies and practices regarding Off-the-

Clock Work, the time records do not reflect all of the hours, including overtime hours, actually worked by Plaintiff and the Asserted Class.

***Relief Requested***

22. Plaintiff and the Asserted Class are entitled to time and one half of their regular rate for each hour (or part thereof) worked over 40 in a work week, along with an equal amount of liquidated damages.

23. Plaintiff has retained the Shavitz Law Group to represent her in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

24. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 24 above.

26. Plaintiff and the Asserted Class are entitled to be paid time and one-half of their regular rates of pay for each hour worked in excess of forty (40) hours per work week.

27. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the Asserted Class have suffered damages, plus incurred costs and reasonable attorney's fees.

28. As a result of Defendants' willful violation of the Act, Plaintiff and the Asserted Class are entitled to liquidated damages.

WHEREFORE, Plaintiff, MARIA GUZMAN, and the Asserted Class, demand judgment against Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, jointly and severally, for the payment of all overtime hours at one and one-half times their

regular rates of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: October 30th, 2014
       Boca Raton, Florida

Respectfully submitted,

_____
CAMAR R. JONES (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Digital Risk Mortgage Services, LLC, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Maria Guzman
Print Name